UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/19

-------------------------------------------------------------x

ERIC L. HOFFSTEAD,            :
               Plaintiff,     :
                            :

v.                             :

                             :

ARAMARK CORRECTIONAL SERVICES,   :
LLC; DONNA BLACKMAN, Aramark    :
Commissary Supervisor; SHENELLE MOSLEY,  :
Aramark Worker; MANAL MENDOZA,    :
Aramark Food Service Director; and LEANDRO  :
DIAZ, Deputy Commissioner,       :
               Defendants.   :

-------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 2381 (VB)

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

Briccetti, J.:

    Plaintiff Eric L. Hoffstead, proceeding pro se and in forma pauperis, brings this action

against defendants Aramark Correctional Services, LLC, Donna Blackman, Shenelle Mosley,

Manal Mendoza, and Leandro Diaz under 42 U.S.C. § 1983, claiming defendants violated his

Eighth Amendment and Thirteenth Amendment rights.[1]  Liberally construed, plaintiff's

complaint also asserts a claim under the Fourteenth Amendment.[2]

    Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).

(Doc. #24).[3]

---

[1]    Plaintiff sued Aramark Correctional Services, LLC, as "Aramark Correctional Services"
and Shenelle Mosley as "Shenelle."

[2]    Plaintiff has not alleged any basis for his Thirteenth Amendment claim.  Therefore, the
Court dismisses it.

[3]    On December 10, 2018, the Court deemed the motion fully submitted and unopposed.
(Doc. #34).

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file an amended complaint solely as to his Fourteenth Amendment conditions of confinement claim, in accordance with the instructions below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Plaintiff alleges in November 2017 he was a "Detainee awaiting sentencing" at Westchester County Jail ("WCJ"). (Doc. #2 ("Compl.") at 2).[4] Drawing all reasonable inferences in plaintiff's favor, for purposes of this motion the Court assumes plaintiff was a pretrial detainee rather than a convicted prisoner.

Plaintiff alleges he is allergic to apples, turkey, tomatoes, and soy. Plaintiff alleges Aramark staff nonetheless served him such food items, resulting in "constant trips to sick call"—at least three to four times a week. (Compl. at 4). Plaintiff claims that because defendants exposed him to such allergens, he became lightheaded, and experienced extreme itching, loss of hair, weight fluctuation, and skin damage. Plaintiff also attached to his complaint a November 28, 2017, medical record showing he was diagnosed with allergic conjunctivitis, folliculitis, and seborrhea.

Plaintiff alleges on November 16, 2017, Donna Blackman admitted to giving plaintiff "what the kitchen calls a scratch patty." (Compl. at 4). Plaintiff alleges Aramark refused to

---

[4]     "Compl. at __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

disclose the ingredients of a scratch patty, but also that the scratch patty Ms. Blackman gave him contained turkey and soy, to which he was allergic. Moreover, according to plaintiff, kitchen staff claimed to be giving him chicken patties, but they looked the same as the turkey scratch patties.

In addition, attached to plaintiff's complaint is a grievance dated February 25, 2018, in which plaintiff states there was an apple on his tray touching his other foods, and that when he told a non-party correction officer about it, the correction officer refused to construe it as an "ongoing" problem. (Compl. at 15). An assistant warden reviewed plaintiff's appeal of the grievance coordinator's decision (which plaintiff did not attach). The assistant warden stated: "Aramark is well aware of your food allergies and should not have included applesauce with your meal. However, . . . all staff members who viewed your tray did state that the applesauce did not come into contact with any other foods on your tray." (Id. at 14). Thus, the assistant warden upheld the portion of plaintiff's grievance to the extent it stated he was supplied a tray with food he was allergic to and denied the grievance to the extent plaintiff claimed applesauce came into contact with other foods on his tray.

Plaintiff claims he stopped eating out of fear that the food he was being served contained allergens. Plaintiff alleges "there are days when I starve." (Compl. at 5).

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to

the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). The Court may also consider matters of which judicial notice may be taken. Leonard F. v. Isr. Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges

civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.   Personal Involvement

Defendants argue plaintiff fails sufficiently to allege the personal involvement of Shenelle Mosley, Manal Mendoza, or Leandro Diaz.

The Court agrees.

To state a Section 1983 claim, plaintiff must allege defendants' personal involvement in an alleged deprivation of plaintiff's constitutional rights. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). In other words, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.

A plaintiff may satisfy the personal involvement requirement by alleging one of the following:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (internal quotation omitted).[5] Moreover, because Section 1983 liability cannot be predicated on a theory of respondeat superior, see City of Canton v. Harris, 489 U.S. 378, 385 (1989), "[t]he bare fact that [a defendant] occupies a high position in the . . . prison hierarchy is insufficient to sustain [a] claim." Colon v. Coughlin, 58 F.3d at 874.

Plaintiff fails to make any factual allegations against Mosley, Mendoza, or Diaz. Indeed, plaintiff only generally alleges throughout his complaint that "Aramark's staff" and "kitchen staff" served him food to which he was allergic. (See, e.g., Compl. at 4). Plaintiff's only allegation against a specific defendant concerns Donna Blackman and, as discussed below, that allegation is insufficient to state a claim against her.

Accordingly, plaintiff's Fourteenth Amendment claim against Mosley, Mendoza, and Diaz is dismissed.

III.    Conditions of Confinement Claim

Plaintiff fails plausibly to allege a Fourteenth Amendment conditions of confinement claim against Donna Blackman, as his allegations fail to satisfy either the objective or the mens rea prong of a Fourteenth Amendment claim.

---

[5]    After Ashcroft v. Iqbal, district courts within this Circuit have been divided as to whether claims alleging personal involvement under the second, fourth, and fifth of these factors remain viable. See Marom v. City of New York, 2016 WL 916424, at *15 (S.D.N.Y. Mar. 7, 2016), reconsideration granted in part and denied in part, 2016 WL 5900217 (S.D.N.Y. July 29, 2016). The Second Circuit has yet to resolve this dispute. Id. However, the Court need not resolve this issue, because plaintiff does not plausibly allege defendants Mosley, Mendoza, or Diaz were personally involved in a violation of plaintiff's constitutional rights pursuant to any of the five Colon factors.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

As noted above, the Court construes plaintiff's complaint to allege he was a pretrial detainee when the events alleged in the complaint occurred. Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because "[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007) (alterations in original), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

To state a deliberate indifference claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Darnell v. Pineiro, 849 F.3d at 29. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have

7

subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

The Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam) (internal quotation omitted). The denial of a medically-prescribed diet may be a constitutional violation if that denial results in a sufficiently serious medical condition. See Houston v. Schriro, 2013 WL 4457375, at *7 (S.D.N.Y. Aug. 20, 2013) (collecting cases).

Plaintiff's claim against Blackman fails the objective prong because plaintiff alleges only that Blackman admitted to once giving plaintiff a scratch patty. Plaintiff fails to allege this one occasion led to a serious medical condition. Moreover, plaintiff fails to satisfy the mens rea prong because plaintiff fails to allege Blackman knew or should have known of plaintiff's food allergies or that she knew or should have known she was serving plaintiff food that was inconsistent with his diet.

Accordingly, plaintiff's Fourteenth Amendment conditions of confinement claim against Blackman is dismissed.

IV.     Monell Claim

Defendants argue plaintiff fails to state a claim against Aramark under Monell v. Department of Social Services, 436 U.S. 658 (1978).

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694.

As a private entity performing a public function, Aramark is properly subject to a Monell claim. See, e.g., Torres v. Aramark Food, 2015 WL 9077472, at *6 (S.D.N.Y. Dec. 16, 2015) (holding Aramark was a state actor subject to constitutional claims "[b]ecause providing food to inmates is a public function" and the plaintiff's allegations related to the meals Aramark provided to prisoners) (internal citation omitted).

To assert a Section 1983 claim against Aramark, plaintiff must allege the existence of an official policy or custom that caused him injury, and a causal connection between that policy or custom and the deprivation of a constitutional right. See Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (internal citations omitted).

Plaintiff fails to allege any facts suggesting the existence of an official policy or custom under any of the above four factors, or any facts suggesting an official policy or custom caused the deprivation of a constitutional right.

Accordingly, plaintiff's Monell claim against Aramark is dismissed.

V.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

However, the Court may properly deny leave to amend for "futility of amendment." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) (citing Cuoco v. Moritsugu, 222 F.3d at 112). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

Here, because a liberal reading of plaintiff's complaint indicates a valid Fourteenth Amendment claim might be stated, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead only his Fourteenth Amendment conditions of confinement claim, to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. describe all <u>relevant</u> events, stating the facts that support plaintiff's case including what each individual defendant did or failed to do;

2. include a more chronological and clear explanation of what health issues he attributes to the food at WCJ and the basis for that conclusion;

3. include any details he may provide regarding why he believes Aramark or any of its employees gave him food that was inconsistent with his dietary restrictions;

4. include any facts regarding the existence of an official Aramark policy or custom that caused the deprivation of a constitutional right;

5. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event; and

6. describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered <u>as a result of those acts or omissions</u>.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint <u>all</u> information necessary for his claims.** However, plaintiff is directed to include in his amended complaint <u>only</u> those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file an amended complaint solely as to his Fourteenth Amendment conditions of confinement claim, in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than April 25, 2019, and shall utilize the amended complaint form attached hereto. If plaintiff fails to do so, the Court may deem plaintiff to have abandoned his case and may dismiss the case for failure to prosecute or failure to comply with a Court order. Fed. R. Civ. P. 41(b).

The Clerk is instructed to terminate the motion. (Doc. #24).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: March 22, 2019
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. _____
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

# I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

# II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

# III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____

First Name    Last Name    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City    State    Zip Code

Defendant 2: _____

First Name    Last Name    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City    State    Zip Code

Defendant 3: _____

First Name    Last Name    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City    State    Zip Code

Defendant 4: _____

First Name    Last Name    Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City    State    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Prison Address

_____
County, City                                        State                          Zip Code


Date on which I am delivering this complaint to prison authorities for mailing:   _____